

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

AUG 16 2006

CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | | |
|---|---|---|
| FARAWAY ENTERPRISES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO. 3-02-CV-0106-K |
| | § | |
| TESTAMERICA, INC., and | § | |
| SAGAPONACK PARTNERS, L.P., | § | |
| | § | |
| Defendants. | § | |

---

## DEFENDANT TESTAMERICA, INC.'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW, OR IN THE ALTERNATIVE, MOTION FOR A NEW TRIAL AND BRIEF IN SUPPORT

---

Michael P. Lynn, P.C.
State Bar No. 12738500
Edward Jason Dennis
State Bar No. 24045776
**LYNN TILLOTSON & PINKER, LLP**
750 North St. Paul Street, Suite 1400
Dallas, Texas 75201
(214) 981-3800 Telephone
(214) 981-3839 Facsimile

**ATTORNEYS FOR DEFENDANT
TESTAMERICA, INC.**

## TABLE OF CONTENTS

I.     INTRODUCTION ...................................................................................................1

II.    STANDARD OF REVIEW .....................................................................................2

III.   ARGUMENT ...........................................................................................................3

     A.    The Unambiguous Contracts and Uncontested Evidence Demonstrate That TA Did Not Breach Any Contract With Plaintiff. ...................................................3

          1.    The Unambiguous Contracts Provide That Plaintiff Was Subordinated to Both Fleet and Sagaponack So Any Payment to Sagaponack or Fleet Cannot Breach the Agreements Between TA and Plaintiff...........................................................................................3

          2.    The Court's holding that Defendants Cannot Challenge the Jury's Finding as to Question 1 is not accurate. ...................................................6

          3.    Plaintiffs have alleged but offered no proof that TestAmerica failed to provide a timely period income statement to Plaintiffs under the Subordinated Note. ...............................................................................6

     B.    The admission by Plaintiffs' attorney that he knew the Schedule to the Subordination Agreement was incomplete when the Plaintiffs executed the Agreement and would be completed later defeats as a matter of law Plaintiffs' Fraud claim regarding the Subordination Agreement.............................7

     C.    Plaintiffs have no legal or factual basis for the imposition of exemplary damages under Texas law. ....................................................................................9

     D.    No Fraud Or Malice Exists In This Case, Therefore, There Is No Basis For Exemplary Damages. ..........................................................................................10

     E.    The Court Erred in Dismissing TA's Counterclaim Against Plaintiff for Breach of the Subordination Agreement.............................................................12

     F.    No Award of Attorney's Fees May Be Had Against TestAmerica Because Plaintiff Failed to Introduce a Necessary Element of the Claim Under TEX. CIV. PRAC. & REMS. CODE § 38.002. ..................................................................12

IV.   CONCLUSION.....................................................................................................13

# TABLE OF AUTHORITIES

**Cases**

*Am. Home Assur. Co. v. United Space Alliance*
  378 F.3d 482 (5th Cir. 2004) ................................................................................. 2

*American Cent. Ins. Co. v. Canal Ins. Co.*
  810 S.W.2d 246 (Tex. App.–Houston [1st Dist.] 1991) ................................... 7

*Archer v. Griffith*
  390 S.W.2d 735 (Tex. 1964) ................................................................................. 10

*Carter v. Converse*
  550 S.W.2d 322 (Tex. Civ. App.–Tyler 1977, writ ref'd n.r.e.) ...................... 8

*Coker v. Coker*
  650 S.W.2d 391 (Tex. 1983) ................................................................................. 3

*DP Solutions, Inc. v. Rollins, Inc.*
  353 F.3d 421 (5th Cir. 2003) ................................................................................. 2

*Edwards v. Lone Star Gas Co., a Div. of Enserch Corp.*
  782 S.W.2d 840 (Tex. 1990) ............................................................................. 3, 10

*Elite Towing, Inc. v. LSI Financial Group*
  985 S.W.2d 635 (Tex. App.—Austin 1999, no pet) ......................................... 7

*Hadley v. VAM P.T.S.*
  44 F.3d 372 (5th Cir. 1995) ................................................................................. 12

*Kemp v. Harrison*
  431 S.W.2d 900 (Tex. Civ. App.–Houston [14th Dist.] 1968, writ ref'd n.r.e.) ................. 8

*Simon v. United States*
  891 F.2d 1154 (5th Cir. 1990) ............................................................................. 3

*Smith v. Transworld Drilling Co.*
  773 F.2d 610 (5th Cir. 1985) ............................................................................. 2, 3

*Williams v. Jennings*
  755 S.W.2d 874 (Tex. App.—Houston [14th Dist.] 1988, writ denied) ........................... 7

**Statutes**

FED. R. CIV. P. 50 ........................................................................................ passim

FED. R. CIV. P. 59 ............................................................................................ 1, 2

TEX. CIV. PRAC. & REM. CODE § 38.002 ................................................................ 13

TEX. CIV. PRAC. & REM. CODE § 41.003 ......................................................... 10, 11

TEX. CIV. PRAC. & REM. CODE § 41.006 .............................................................. 10

TEX. CIV. PRAC. & REMS. CODE § 38.002 .............................................................. 12

**TO THE HONORABLE COURT:**

Defendant TestAmerica, Inc. ("Defendant" or "TA") files this Renewed Motion for Judgment as a Matter of Law pursuant to FED. R. CIV. P. 50, and in the alternative, seeks a Motion for New Trial pursuant to FED. R. CIV. P. 59:

## I.      INTRODUCTION

The unambiguous language of the contracts requires that judgment be entered in favor of Defendants. Without question Plaintiff agreed to be subordinated to the other creditors of TA. It cannot now challenge its contractually agreed subordination. The so-called fraud based on the differences in the schedules of a draft subordination agreement and the final agreement cannot be supported by the facts or law. No evidence exists that TA had any involvement in creating the Subordination Agreement or made any representation concerning it. Likewise, Plaintiff's own attorney knew and agreed to the complained of "fraud" by adding Sagaponack to the schedule. Finally, again no evidence supports the alleged breach of contract based on the periodic statement or any award of punitive damages. This Court should enter judgment in favor of Defendants as a matter of law, or in the alternative, order a new trial.

TA will not iterate the arguments of Defendants Sagaponack Partners, L.P. ("Sagaponack"). Instead, TA adopts and incorporates fully herein all of the arguments made by Sagaponack in their Renewed Motion for Judgment as A Matter of Law, or in the alternative, Motion for New Trial and Brief in Support. TA will focus its brief on the breach of contract and fraud issues particular to the Judgment against it. Nevertheless, the liability of TA for a fraudulent transfer suffers from the same defects articulated by Sagaponack, which serves as

additional bases for judgment as a matter of law in favor of TA, or in the alternative, a new trial be granted.[1]

## II.    STANDARD OF REVIEW

A motion for judgment as a matter of law is appropriate when, on reviewing the entire record, there is no legally sufficient evidentiary basis for a reasonable jury to find for the nonmoving party on an issue. FED. R. CIV. P. 50(a); *DP Solutions, Inc. v. Rollins, Inc.*, 353 F.3d 421, 427 (5th Cir. 2003). The Fifth Circuit's standard for reviewing a jury verdict is whether "the state of proof is such that reasonable and impartial minds could reach the conclusion the jury expressed in its verdict." *Am. Home Assur. Co. v. United Space Alliance*, 378 F.3d 482, 487 (5th Cir. 2004) (quoting *Liberty Mut. Ins. Co. v. Falgoust*, 386 F.2d 248, 253 (5th Cir. 1967)).

New trials can be granted under Rule 59 "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." FED. R. CIV. P. 59(a). The rule "confirms the trial court's historic power to grant a new trial based on its appraisal of the fairness of the trial and the reliability of the jury's verdict." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 612-13 (5th Cir. 1985). "A new trial may be granted, for example, if the district court finds the verdict is against the [great] weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Id.*

---

[1] TA does not address or renew the fraud claims of Plaintiff based on the alleged representations by Tom Barr in reliance on the Court's previous grant of judgment as a matter of law on those claims. The Court confirmed this ruling in its Opinion though the Court stated that "there were no sustainable claims against Tom Barr" instead of no sustainable claims based on any representation by Tom Barr. *See* Opinion at 1. Obviously, if there are no sustainable claims against him, then no fraud claim may be based upon his representations or actions. If TA has misunderstood the Court's ruling, then it adopts and renews its previous motion for judgment as to this claim, which is both legally barred and without any sufficient factual basis.

at 613 (footnotes omitted).  Manifest error of law or fact justifies the grant of a new trial.  *See*

*Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).

### III.   ARGUMENT

A.   **The Unambiguous Contracts and Uncontested Evidence Demonstrate That TA Did Not Breach Any Contract With Plaintiff.**

    1.   **The Unambiguous Contracts Provide That Plaintiff Was Subordinated to Both Fleet and Sagaponack So Any Payment to Sagaponack or Fleet Cannot Breach the Agreements Between TA and Plaintiff.**

Plaintiff agreed to be subordinate to all other creditors of TestAmerica, and cannot, as a

matter of law, complain now that other indisputably valid debts of TA were paid ahead of

Plaintiff.  Plaintiff's principal complaint in this case has been that Sagaponack received payment

in connection with the HIG transaction and Plaintiff did not.  Plaintiff argues that Sagaponack

should not have been paid ahead of Plaintiff.  However, neither side alleged in their pleadings

that the governing contracts were ambiguous.  To the contrary, both counsel for Plaintiff and

Defendants repeatedly stated that the contracts were clear and unambiguous on their face.  Both

sides objected to the introduction of parol evidence regarding the intent of the contracts, and this

Court sustained those objections.  The construction of an unambiguous contract is a matter of

law for the court.  *Edwards v. Lone Star Gas Co., a Div. of Enserch Corp.*, 782 S.W.2d 840, 841

(Tex. 1990).  When a contract is worded so that a definite meaning can be ascertained from the

clear language, then the court should construe the contract as a matter of law.  *Coker v. Coker*,

650 S.W.2d 391, 393 (Tex. 1983).  Because both sides, and the Court in sustaining those

objections, agreed that the contracts at issue were unambiguous, the Court rather than the jury

should have construed the agreements as a matter of law.

The Court's explanation that the issue submitted to the jury was not one of interpretation but deciding whether version 6 or version 7 of the subordination agreement applied cannot be correct. *See* Opinion at 3-4. First, Plaintiff's Subordinated Note specifically states that it is "subject in right of payment to the prior payment in full of all of [Defendant's] debt facilities whether now existing or hereafter created." Pltf's Ex. 2. It continues, "The indebtedness evidenced by this Note is hereby expressly subordinated to the extent and the manner set forth in this note is subject to the provisions contained in the Subordination Agreement..." *Id.* Likewise, Section 2(c)(iv) of the Purchase Agreement states, "[t]he Subordinated Note shall be subordinated and subject in right of payment to the prior payment by Purchaser in full of all of Purchaser's debt facilities." Pltf's Ex. 2. The subordination clauses in the Subordinated Note and Purchase Agreement unambiguously provide that Plaintiff's Note is subordinate to all other debt facilities of TA. The language is unambiguous and unaffected by the Subordination Agreement. This Court must construe that language as a matter of law to mean exactly what it says, and that construction mandates dismissal of all Plaintiff's claim and entry of a take nothing judgment.

Moreover, both versions of the Subordination Agreement expressly and unambiguously provide that "nothing contained in this Agreement...is intended to or shall affect the relative rights of the holders of Subordinated Debt, on the one hand, and the creditors of the company other than the holders of Senior Debt, on the other hand." Pltf's Exs. 3, 7. Both Agreements state that they do not affect the relative rights of non-senor lenders but only specify additional subordination related to the Senior Lenders. Therefore, as a matter of law, Plaintiff is subordinate in right of payment to Fleet, Sagaponack, Key/Regis and all of the other creditors of

TA.  Plaintiff did not and could not refute that TA owed over $9 million to Sagaponack at the time of the HIG Transaction.  Tr. at Vol. 4, 93:2-9, 93:21-23, 105:16-18, 133:6-19; *see also* Def's Ex. 115.  Accordingly, TA has not breached its Note and Plaintiff has not been damaged by any transfer to Fleet or Sagaponack.

For the reasons stated, the version of the Subordination Agreement is irrelevant. Regardless, Plaintiff's Subordinated Note provides unambiguously that Plaintiff cannot be damaged by a transfer to Fleet or Sagaponack.  And the Subordination Agreement states that it does not apply to effect any of the relative rights of creditors such as Plaintiff and Sagaponack. The Plaintiff's Purchase Agreement provides the same.  Again, the language is unambiguous. The Subordination Agreement does not even apply to Plaintiff's complaint of payment to Sagaponack – a subordinated creditor – over, itself, another subordinated creditor.  Therefore, the Subordination Agreement is inapplicable to Plaintiff's claim that its rights are superior to Sagaponack.  Furthermore, unlike that of the Plaintiff, Sagaponack's Notes do not contain any subordination language.  *Compare* Def's Exs. 51- 51D *with* Pltf's Ex. 2.  Regardless of the version 6/version 7 distinction that the Court relies upon, the unambiguous language of the Agreements place Plaintiff behind both Sagaponack and Fleet in priority.  Accordingly, there are still unambiguous contracts that the Court has never construed as a matter of law.  There was nothing for the jury to decide.  Respectfully, the Court should render a take nothing judgment in favor of Defendants.  In the alternative, if ambiguous, then Defendants were entitled to introduce parol evidence that this Court excluded; therefore, a new trial should be granted.

2. **The Court's holding that Defendants Cannot Challenge the Jury's Finding as to Question 1 is not accurate.**

In its Opinion, the Court holds that Defendants cannot challenge their own question on Plaintiff's agreement to be subordinate. <u>First</u>, Defendants have consistently and properly objected to this issue being submitted to the jury – before trial, during trial, during the crafting of the jury instructions, and post-trial. All parties have taken the position – including the Court – that the Agreements are unambiguous contracts. The Court must construe those contracts as a matter or law.

<u>Second</u>, though Defendants proposed a similar question, they did not propose that such question be asked with an improper burden of proof placed on Defendants to prove that they did not breach the Agreements. The Court's explanation of improperly laying the burden to prove no breach on Defendants because it was a defensive issue is in error. Plaintiff claimed that the contracts between TA and Plaintiff was breached by the payment of Fleet and Sagaponack instead of Plaintiff. But where the plain language of the Agreements provides that Plaintiff is subordinate to all other debt of TA, it is Plaintiff that must prove some basis for not applying that plain language. Plaintiff did not and cannot.

3. **Plaintiffs have alleged but offered no proof that TestAmerica failed to provide a timely period income statement to Plaintiffs under the Subordinated Note.**

Plaintiffs alleged but did not offer a single piece of evidence or testimony at trial that TA breached any obligation to the Plaintiffs by not timely providing a period income statement under the Subordinated Note. To the contrary, the only evidence in the record demonstrates that a timely periodic income statement was sent and received by Plaintiff. Plaintiff's breach of

---

contract claim based on TA's alleged failure to provide an income statement has no merit.  In

fact, the period income statement provided to Plaintiff is in the record.  *See* Def's Ex. 82.

Plaintiff offered no evidence at trial to support this alleged breach or to rebut Defendants'

Exhibit 82.

Accordingly, there is no "legally sufficient evidentiary basis" for the jury to find for

Plaintiffs on their breach of contract claim related to the alleged breach by TestAmerica related

to the provision of the Period Income Statement.  *See* FED. R. CIV. P. 50(a)(1).

**B.**  **The admission by Plaintiffs' attorney that he knew the Schedule to the Subordination Agreement was incomplete when the Plaintiffs executed the Agreement and would be completed later defeats as a matter of law Plaintiffs' Fraud claim regarding the Subordination Agreement.**

Richard Hamilton testified that he knew that the schedule to the Subordination

Agreement would be completed after the Plaintiffs executed the Subordination Agreement.

Moreover, Mr. Hamilton testified that he knew that Sagaponack would be added to the schedule.

Tr. at Vol. 2, 155-58.  Though Mr. Mullins testified that he should not be held to any agreement

made by his attorney to complete the Subordination Agreement schedule, Texas law provides

exactly the opposite.  An agent's knowledge is imputed to the principal.  *Williams v. Jennings*,

755 S.W.2d 874, 882 (Tex. App.—Houston [14th Dist.] 1988, writ denied).  Notice to an agent

received while the agent is acting for the principal constitutes notice to the principal.  *Elite*

*Towing, Inc. v. LSI Financial Group*, 985 S.W.2d 635 (Tex. App.—Austin 1999, no pet).

Because the agent's knowledge is imputed to the principal, it is immaterial that the agent does

not actually inform the principal of the particular facts under consideration.  *Williams*, 755

S.W.2d at 882.  The principal is nonetheless charged with constructive notice.  *Williams*, 755

S.W.2d at 882.   The attorney/client relationship is governed by the doctrine of agency;

accordingly, an attorney's knowledge is imputed to the client. *See American Cent. Ins. Co. v. Canal Ins. Co.*, 810 S.W.2d 246, 256 (Tex. App.–Houston [1st Dist.] 1991), *aff'd in part & rev'd in part on other grounds*, 843 S.W.2d 480 (Tex. 1992); *see also Carter v. Converse*, 550 S.W.2d 322, 329 (Tex. Civ. App.–Tyler 1977, writ ref'd n.r.e.); *Kemp v. Harrison*, 431 S.W.2d 900, 904 (Tex. Civ. App.–Houston [14th Dist.] 1968, writ ref'd n.r.e.). Therefore, as a matter of law, Plaintiff is imputed with the knowledge of their attorney that the schedule to the Subordination Agreement was not complete and would be completed and include Sagaponack. Accordingly, there is no "legally sufficient evidentiary basis" for the jury to find for Plaintiffs on their fraud claim related to v.6/v.7 of the Subordination Agreement. *See* FED. R. CIV. P. 50(a)(1).

Moreover, in addition to the imputation of knowledge, there has been no proof that TestAmerica drafted the Subordination Agreement or participated in preparing the final executed version of the Subordination Agreement. All of the testimony at trial was either that it was not known who drafted and prepared the executed Subordination Agreement or that the Key Mezzanine's attorneys, Moses & Singer, drafted the Subordination Agreement. Accordingly, as Plaintiffs can offer no proof of participation in the fraud by TestAmerica, there is no "legally sufficient evidentiary basis" for the jury to find for Plaintiffs on their fraud claim related to v.6/v.7 of the Subordination Agreement. *See* FED. R. CIV. P. 50(a)(1).

Therefore, for each of the elements of Plaintiff's fraud claim there is not a sufficient evidentiary basis to support any judgment for fraud, and such claim is legally barred.

**C.      Plaintiffs have no legal or factual basis for the imposition of exemplary damages under Texas law.**

For the reasons discussed *supra*, there is no actionable tort upon which to base exemplary damages. Therefore, the fraud claims are legally defective. The fraudulent transfer claims do not support an action for exemplary damages, as discussed above. Exemplary damages cannot be recovered in an action for breach of contract, unless Plaintiffs prove an independent tort with actual damages. Plaintiffs cannot prove an independent tort. Likewise, Plaintiffs have conceded that there is no damage other than the interest and principal payments provided for under their Subordinated Note and subject to their breach of contract claim thereunder. There are no damages apart from the contractual damages sought. Plaintiffs have offered no factual basis for an award of exemplary damages.

At the very best, Plaintiffs have offered an alternative interpretation of the agreements at issue. There has been no evidence that the interpretation of Defendants that the Subordinated Note is subordinated according to its terms – subject in right of payment to all other debt facilities of TestAmerica – is unreasonable, much less the requisite clear and convincing showing of maliciousness or gross misconduct required to support the award of exemplary damages. In addition, the award of exemplary damages must be based on the actual conduct of the defendant. There is no basis for attributing conduct from any other defendants or non-parties to TestAmerica. There is no evidence in the record that TestAmerica had any involvement in the drafting of the Subordination Agreement. Accordingly, there is no legal basis or "legally sufficient evidentiary basis" for the jury to award any exemplary damages. *See* FED. R. CIV. P. 50(a)(1).

**D.**    **No Fraud Or Malice Exists In This Case, Therefore, There Is No Basis For Exemplary Damages.**

The record in this case clearly demonstrates the factual insufficiency to support any finding of malice or fraud by TA.  To recover exemplary damages, Plaintiff must prove by clear and convincing evidence that the defendant caused the injury by a type of aggravated conduct that supports exemplary damages.  TEX. CIV. PRAC. & REM. CODE §§ 41.003(a) and (b).  Such aggravated conduct may consist of fraud or malice.  §§ 41.003(a)(1) and (a)(2).  Actual fraud involves dishonesty of purpose or intent to deceive.  *Archer v. Griffith*, 390 S.W.2d 735, 740 (Tex. 1964).  This is distinct from constructive fraud, which is not a basis for recovering exemplary damages.  TEX. CIV. PRAC. & REM. CODE § 41.006(6).  Constructive fraud is the breach of some legal or equitable duty that the law declares fraudulent, irrespective of moral guilt, because it tends to deceive others, violate confidences, or injure public interests.  *Archer* 390 S.W.2d at 740.  Plaintiff offered no evidence that TestAmerica maliciously or fraudulently caused injury to Plaintiff.

As discussed *supra*, TA interprets the language of the relevant contracts in this case as providing for payment to other creditors ahead of Plaintiff.  TA asserts that the court should have construed the meanings of the agreements because the construction of an unambiguous contract is a matter of law for the court.  *Edwards*, 782 S.W.2d at 841.  Nevertheless, even if the court had determined that TA was liable for actual damages for failing to make interest and principal payments to Plaintiff, there is nothing in the record that demonstrates that TA's interpretation of the agreements was unreasonable, much less a result of fraud or malice.  To the contrary, Mr. Mullins admits that Defendants' interpretations are reasonable, and the parties simply have different interpretations of the agreements:

4   [MR. LYNN] Q.  So is it fair for us then to narrow your complaint down
5   to this:  That you believe under the note, subordination
6   agreement and asset purchase agreement, that you were
7   entitled to be paid a certain sum of money and you weren't
8   paid that money and you believe that that was wrong?
9   [MR. MULLINS] A.  That is correct.
10   Q.  Okay.  And to the extent that the other parties, that
11   is TestAmerica or Sagaponack or Marc Weisman, read the
12   documents differently than you, because you cannot interpret
13   those documents I think you've told us because you're not a
14   lawyer and you haven't talked to the authors, you're not in
15   a position to say categorically that their interpretation is
16   wrong?
17   A.  I think that's why we're here today.
18   Q.  Okay.  Is that correct, you cannot --
19   A.  Yes, that's correct.
9   Q.  And I understand that you have strong beliefs.  But
10   you've also told us that you're uncertain as to the meaning
11   of some of the documents and you're uncertain as to the
12   effect of some of the documents.  And what I'm saying is to
13   the extent that they're interpreted, as you said, by someone
14   different than you, you will leave open the possibility that
15   you're wrong?
16   A.  I think that I am not uncertain.  I think that there's
17   other people that can view the documents differently.  And I
18   think that's why we're here.

Tr. at Vol. 2, 90:4-19; 91:9-18 (emphasis added).  Even in the Plaintiff's own words, this case is

a dispute over the interpretation of some agreements.  Likewise, from the Defendants'

perspective, "based on my reading of Mr. Mullins' note and my reading of the Sagaponack's

notes and all of the other documents here and the advice of Sagaponack's counsel in the original

deal, conversations with company counsel, Sagaponack was clearly a creditor with a higher

priority than Mr. Mullins. So from a legal perspective, we didn't -- we didn't believe that he was

entitled to be paid anything." Tr. at Vol. 4, 136:6-13.  Because there is insufficient evidence of

fraud or malice, punitive damages are not appropriate in this case. TEX. CIV. PRAC. & REM.

CODE § 41.003(a).

---

**DEFENDANT TESTAMERICA, INC.'S RENEWED MOTION FOR JUDGMENT AS A**       **Page 11**
**MATTER OF LAW, OR IN THE ALTERNATIVE, MOTION FOR A NEW TRIAL**
**AND BRIEF IN SUPPORT**
::ODMA\PCDOCS\DOCS1\152844\1

The Court's holding that Plaintiff should have sought a finding on malice is in error. The Court improperly relies upon Texas authority. Though the substantive law of Texas applies, the procedure for preserving error should be reviewed under Federal law. The burden, however, is on the Plaintiff not the Defendants to obtain a necessary finding of malice: "The defendant has no duty to ensure that the plaintiff has furnished jury questions covering all fact issues necessary to his cause of action." *Hadley v. VAM P.T.S.*, 44 F.3d 372 (5th Cir. 1995) (emphasis added). Accordingly, there is both an insufficient evidentiary basis and legal basis to support any judgment for punitive damages.

**E.    The Court Erred in Dismissing TA's Counterclaim Against Plaintiff for Breach of the Subordination Agreement.**

The Court erred by granting summary judgment to Plaintiff prior to trial on TA's counterclaim for breach of the Subordination Agreement. The Court did not articulate its basis for the grant of summary judgment. However, such grant was error because TA established that, at a minimum, genuine issues of material fact existed regarding Plaintiff's breach of the Subordination Agreement by filing suit against TA for paying senior creditors ahead of Plaintiff where Plaintiff expressly agreed to be subordinate to TA's other creditors. The Court erred in granting summary judgment on TA's counterclaim, and judgment should be reversed and rendered in favor of TA on that counterclaim, or, in the alternative, a new trial should be granted on TA's counterclaim.

**F.    No Award of Attorney's Fees May Be Had Against TestAmerica Because Plaintiff Failed to Introduce a Necessary Element of the Claim Under TEX. CIV. PRAC. & REMS. CODE § 38.002.**

To recover attorney's fees on a successful breach of contract claim in Texas, the claimant "must present the claim to the opposing party or to a duly authorized agent of the opposing

party." TEX. CIV. PRAC. & REM. CODE § 38.002(2).   Neither by exhibit nor testimony did

Plaintiff at anytime submit evidence of statutory presentment pursuant to TEX. CIV. PRAC. &

REM. CODE § 38.002(2).   Accordingly, the Court's judgment providing for the recovery of

attorney's fees is in error because Plaintiff lacks an element of his claim, rendering that claim

both legally and factually insufficient to support an award of attorney's fees under Texas law.

## IV.   CONCLUSION

For the reasons stated above, Defendants are entitled to judgment as a matter of law

against the Plaintiff on all of the above claims.

Respectfully submitted,

Michael P. Lynn, P.C.
State Bar No. 12738500
Edward Jason Dennis
State Bar No. 24045776
LYNN TILLOTSON & PINKER, LLP
750 North St. Paul Street, Suite 1400
Dallas, Texas 75201
(214) 981-3800 Telephone
(214) 981-3839 Facsimile

**ATTORNEYS FOR DEFENDANT
TESTAMERICA, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served as shown below on counsel of record on August 16, 2006.

**VIA CMRRR**
J. Stephen Hunnicutt
THE HUNNICUTT LAW FIRM
5949 Sherry Lane, Suite 1650
Dallas, Texas 75225
(214) 361-6740 Telephone
(214) 691-5099 Facsimile


_____
Edward Jason Dennis


**DEFENDANT TESTAMERICA, INC.'S RENEWED MOTION FOR JUDGMENT AS A          Page 14
MATTER OF LAW, OR IN THE ALTERNATIVE, MOTION FOR A NEW TRIAL
AND BRIEF IN SUPPORT**
::ODMA\PCDOCS\DOCS1\15284\1